Filed 7/1/13  P. v. Campbell CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ERIC SCOTT CAMPBELL,<br><br>    Defendant and Appellant. | F065150<br><br>(Super. Ct. No. CRF37435)<br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Tuolumne County.  James A. Boscoe, Judge.

Michael L. Pinkerton, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez and Tiffany J. Gates, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Gomes, A.P.J., Detjen, J. and Peña, J.

A jury convicted appellant, Eric Scott Campbell, of first degree burglary (Pen. Code, §§ 459, 460, subd. (a)); receiving stolen property (Pen. Code, § 496, subd. (a));[1] possession of a firearm by a felon (§ 29800, subd. (a)(1)); possession of ammunition (§ 30305, subd. (a)(1)); and possession of marijuana for purposes of sale (Health & Saf. Code, § 11359). The court suspended imposition of sentence and placed appellant on five years' probation, with various terms and conditions, one of which was that he serve one year in county jail.

The "MINUTE ORDER and ORDER GRANTING PROBATION" (minute order), signed by the court, states, in relevant part, that appellant was convicted of first degree burglary, "a violent felony within the meaning of [section 667.5, subdivision (c)] ...."

Appellant's sole contention on appeal is that the evidence was insufficient to support the court's finding that the instant first degree burglary was a violent felony within the meaning of section 667.5, subdivision (c). The People concede the point, and we agree. We order the erroneous finding be stricken, direct the trial court to issue an amended minute order, and otherwise affirm.

## FACTS

On December 3, 2011, Sarah Campbell (Sarah)[2] was at the home of her father, Gary Hartman, when she noticed several of her father's firearms were missing. She informed the Tuolumne County Sheriff's Department (TCSD) of the missing weapons. Hartman had last noticed the firearms were in his house approximately one month prior. Sarah and Hartman suspected appellant, Sarah's estranged husband, had taken the guns.

On a Tuesday or Wednesday in early December or late November of 2011, appellant and a friend took several firearms to a gun store in Jamestown for appraisal.

---

[1] All further statutory references are to the Penal Code unless otherwise noted.

[2] For the sake of brevity and clarity, and not out of disrespect, we refer to Sarah Campbell by her first name.

They left the firearms with a store employee, Michael Petersen, and appellant returned the following Monday and retrieved them. Petersen had heard from a friend who had connections to Hartman that some firearms belonging to Hartman had been stolen. Petersen told his friend about the guns appellant had brought to the store, and advised his friend to call the Sheriff's Department.

On January 5, 2012, Hartman told TCSD Detective Deborah Moss that a friend, Stephen Flud, had returned three of the missing guns, and that Flud had stated he had obtained the guns from appellant. The detective arranged for Hartman to place a telephone call to appellant, which was recorded.

Detective Moss testified she later spoke with appellant and asked him if he remembered telling Hartman he took the guns and that he was "in a pinch." Appellant responded, "'Whatever.'"[3]

Thereafter, on January 12, 2012, a search warrant was executed at appellant's residence. Items found in the search included a firearm, which did not belong to Hartman, ammunition, slightly less than two pounds of processed marijuana, and a pay/owe sheet.

## DISCUSSION

First degree burglary qualifies as a "violent felony" under section 667.5, subdivision (c) if "it is charged and proved that another person, other than an accomplice, was present in the residence during the commission of the burglary." (§ 667.5, subd. (c)(21).) Here, as the parties agree, there was no evidence supporting this factor. Moreover, there was no evidence to support the designation of the instant burglary as a violent felony on any other basis.[4] Therefore, as the parties also agree, the statement in

---

[3] A recording of the telephone call was played for the jury, and a transcript of the call was made available to the jury. Neither the recording nor the transcript are part of the record on appeal.

[4] A "violent felony" under section 667.5, subdivision (c) includes: "Any felony in which the defendant inflicts great bodily injury on any person other than an accomplice

3

the sentencing hearing minute order that the instant first degree burglary was a violent felony was erroneous. We will order the violent felony reference stricken and direct the trial court to issue an amended minute order.

## DISPOSITION

The reference in the "MINUTE ORDER and ORDER GRANTING PROBATION" of June 19, 2012, to the instant first degree burglary as a violent felony within the meaning of Penal Code section 667.5, subdivision (c) is ordered stricken. The trial court is directed to prepare an amended minute order which does not identify the instant first degree burglary as a violent felony. In all other respects the judgment is affirmed.

---

which has been charged and proved as provided for in Section 12022.7, 12022.8, or 12022.9 on or after July 1, 1977, or as specified prior to July 1, 1977, in Sections 213, 264, and 461, or any felony in which the defendant uses a firearm which use has been charged and proved as provided in subdivision (a) of Section 12022.3, or Section 12022.5 or 12022.55." (§ 667.5, subd. (c)(8).)